# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-----------------------------------------------------------------------X
NIRMALA VADDE and PRASAD VADDE

                                        Plaintiffs,

                -against-

CVS PHARMACY,

                                     Defendant.
-----------------------------------------------------------------------X

Index No.:
Date Purchased:
**SUMMONS**

Plaintiffs designate Richmond
County as the place of trial.

The basis of venue is:
Place of Occurrence

Plaintiffs reside at:
40 Penbroke Avenue
Staten Island, NY 10301
County of Richmond

**To the above named Defendants:**

      **You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorneys within twenty days after the service of this summons, exclusive of the day of service, where service is made by delivery upon you personally within the state, or, within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:      Staten Island, New York
              March 25, 2021

                                        _____
                                        ANTHONY L. AMEDURI
                                        AMEDURI, GALANTE & FRISCIA, LLP
                                        Attorneys for Plaintiff
                                        NIRMALA VADDE
                                        471 Bement Avenue
                                        Staten Island, New York 10310
                                        (718) 442-9000
                                        Our File No. 5402

TO:

CVS PHARMACY
501 Forest Avenue
Staten Island, NY 10310

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF RICHMOND
-------------------------------------------------------------------X
NIRMALA VADDE and PRASAD VADDE,

                        Plaintiffs,

          -against-

CVS PHARMACY,

                       Defendant.
-------------------------------------------------------------------X

Index No.:
Date Purchased:

**VERIFIED COMPLAINT**

Plaintiffs, by their attorneys, **AMEDURI, GALANTE & FRISCIA, LLP**, complaining of the Defendants, respectfully allege, upon information and belief, as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF NIRMALAVADDE, PRASAD VADDE

1. That at all times herein mentioned, Plaintiffs were, and still are, residents of the County of Richmond, State of New York.

2. Upon information and belief, that at all times herein mentioned, the Defendant, **CVS PHARMACY,** was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

3. Upon information and belief, that at all times herein mentioned, the Defendant, **CVS PHARMACY,** was and still is a foreign corporation duly authorized to do business in the State of New York.

4. That at all times herein mentioned, the Defendant, **CVS PHARMACY,** maintained a principal place of business in the County of Richmond, State of New York.

2

5. Upon information and belief, that at all times herein mentioned, the Defendant, **CVS PHARMACY,** owned the land, premises and appurtenances and fixtures thereto, located at 501 Forest Avenue, in the county of Richmond, City and State of New York.

6. Upon information and belief, that at all times herein mentioned the defendant, **CVS PHARMACY**, leased the premises located at 501 Forest Avenue, Staten Island, New York, in the County of Richmond, City and State of New York.

7. That at all times herein mentioned, the Defendant **CVS PHARMACY,** operated the aforesaid premises as a store and pharmacy open to the general public.

8. That at all times herein mentioned, the Defendant **CVS PHARMACY** operated the aforesaid premises located at 501 Forest Avenue, Staten Island, New York.

9. That at all times herein mentioned, the Defendant **CVS PHARMACY** managed the aforesaid premises located at 501 Forest Avenue, Staten Island, New York.

10. That at all times herein mentioned, the Defendant **CVS PHARMACY** controlled the aforesaid premises located at 501 Forest Avenue, Staten Island, New York.

11. That at all times herein mentioned, the Defendant **CVS PHARMACY** maintained the aforesaid premises.

12. That at all times herein mentioned, the Defendant **CVS PHARMACY** performed repairs the aforesaid premises located at 501 Forest Avenue, Staten Island, New York.

13. That prior to November 13, 2020, as a result of the COVID pandemic the defendant by its agents, servants and/or employees affixed stickers to the floor of the aforesaid premises as a signal to patron/customer to maintain social distance of 6 feet.

14. On November 13, 2020 Plaintiff **NIRMALA VADDE,** was lawfully on the aforesaid premises.

15. On November 13, 2020, while Plaintiff **NIRMALA VADDE,** was lawfully about the aforesaid premises she was caused to trip and fall and sustain serious and permanent injuries.

16. Upon information and belief, at all times hereinafter mentioned, it was the duty of the defendant to keep the aforesaid premises and floor area at or near the checkout area leading to the entrance/exit of the CVS in a safe, reasonable and passable condition, so as to afford to the general public and, more particularly, the plaintiff, **NIRMALA VADDE**, a safe and proper place to walk.

17. The above mentioned occurrence, and the results thereof, were caused by the negligence of the Defendant and/or said Defendant's agents, servants, employees and/or licensees in the ownership, operation, management, supervision, maintenance and control of the aforesaid premises, more specifically the floor area at leading from the entrance/exit, door, in improperly, carelessly, recklessly and negligently failing to allow proper and safe passageway thereat, thus causing and/or creating a dangerous condition which was allowed to remain and exist for an undo period of time; that they caused, allowed, suffered and/or permitted a defective condition to exist and to be and remain at the aforesaid location; that they caused, allowed and/or created a dangerous condition by improperly placing "6 foot" stickers at or near the entrance/ exit at the aforesaid location, that they further failed to remove worn or turned up "6 foot" social distance stickers on the floor thus preventing and impeding the plaintiff and others from safely traversing the said area; they failed to mark said dangerous area; failed to warn the plaintiff of the hazardous and dangerous condition, thereby causing and forcing the plaintiff, while lawfully attempting to enter the said premises to navigate a dangerous and treacherous path; that the defendants, their agents, servants and/or employees failed to maintain, replace or repair

4

worn, defective or turned up social distance stickers leading from the entrance/exit doors; that the defendants, their agents, servants and/or employees caused, permitted and allowed the dangerous condition to be, to remain and to exist thereat for an undue length of time, without providing any safeguards for persons traversing the said area and location, and more particularly, the plaintiff herein; that the defendants, their agents, servants and/or employees were further negligent, careless and reckless in that they displayed a blatant and wanton disregard for the safety and welfare of those persons utilizing the said area and location; that they failed, neglected and/or refused to properly perform the duties they owed to said plaintiff and others traversing said location and area, under all of the circumstances then and there prevailing; that they failed to keep the said area and location in a safe and proper condition, free from any and all impediments more particularly worn, defective or turned up social distance stickers on the floor, all of which the defendants, their agents, servants and/or employees, had or should have had enough time to correct; in failing to provide a safe pathway for persons walking on the location and area; in failing to give plaintiff any warnings or notice of said conditions; in failing to reasonably anticipate that persons lawfully traversing the said location and area could sustain physical harm and injuries by reason of the dangerous conditions which existed thereat, and an inability to safely maneuver and traverse the area; in causing, creating and/or maintaining an unsafe, hazardous and dangerous condition; in causing, allowing and/or permitting a nuisance, hazard, menace and trap; in failing to use, exercise and take proper care and caution under the circumstances thereat and then prevailing; in failing to inspect the same; in failing to supervise their agents, servants and/or employees; in negligently hiring their agents, servants and employees; in failing to properly train their agents, servants and/or employees with regard to proper maintenance of the aforesaid premises, and that said defendants their agents, servants and/or employees, failed to properly fix, maintain, repair

5

and/or repair the aforesaid social distance sticker causing a tripping hazard thereat.

18. That no negligence on the part of the Plaintiff contributed to the occurrence alleged herein in any manner whatsoever.

19. That by reason of the foregoing, Plaintiff **NIRMALA VADDE,** was caused to sustain serious injuries and to have suffered pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries Plaintiff has been caused to incur, and will continue to incur, expenses for medical care and attention; and, as a further result, Plaintiff was, and will continue to be, rendered unable to perform Plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

20. That as a result of the foregoing, Plaintiff was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PRASAD VADDE

21. That at all times herein mentioned, Plaintiff **, PRASAD VADDE,** repeats, reiterates and realleges each and every allegation contained herein as though set forth at length herein.

22. That at all times herein mentioned, Plaintiff, was the spouse of the Plaintiff, **PRASAD VADDE**, and as such was entitled to the society, services and consortium of his spouse **NIRMALVADDE**.

23. That by reason of the foregoing, Plaintiff, **PRASAD VADDE,** was deprived of the society, services and consortium of the Plaintiff, **NIRMALA VADDE,** and shall forever be deprived of said society, services and consortium.

6

24. That by reason of the foregoing, Plaintiff, **PRASAD VADDE,** was damaged in a sum which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant herein on all causes of action, in a sum exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action.

Dated: Staten Island, New York
March 25, 2021

Yours, etc.

_____
ANTHONY L. AMEDURI
AMEDURI, GALANTE & FRISCIA, LLP
Attorneys for Plaintiffs
471 Bement Avenue
Staten Island, New York 10310
(718) 442-9000
Our File No. 5402

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
                  ) ss.:
COUNTY OF RICHMOND )

    Nirmala Vadde being duly sworn, deposes and says that deponent is the plaintiff in the within action; that he/she has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true.

_____
Nirmala Vadde

Sworn to before me this
25 day of MARCH, 2021

ANTHONY AMEDURI
Notary Public, State of New York
No. 43-4820596
Qualified in Richmond County
Commission Expires 1-31-22

_____
Notary Public

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK )
                                    ss.:
COUNTY OF RICHMOND )

    Prasad Vadde being duly sworn, deposes and says that deponent is the plaintiff in the within action; that he/she has read the foregoing COMPLAINT and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes them to be true.

_____
Prasad Vadde

Sworn to before me this
25 day of MARCH, 2021

_____
Notary Public

ANTHONY AMEDURI
Notary Public, State of New York
No. 43-4829596
Qualified in Richmond County
Commission Expires 1-31-22