UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
        :
**VADDE** *et al.*,       :
        :
        Plaintiffs,  :  **MEMORANDUM DECISION**
        :  **AND ORDER**
    – against –  :
        :  21-CV-5184 (AMD) (LB)
        :
**CVS PHARMACY**,    :
        :
        Defendant.  :
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

      The plaintiffs—Dr. Nirmala Vadde and her husband, Prasad Vadde—allege that the defendant negligently placed COVID "stay 6 feet apart" stickers on a carpeted floor and allowed the stickers' edges to curl up, which caused Dr. Vadde to fall and fracture her hip. (ECF No. 1-1.) She had surgery and a partial hip replacement, and still has substantial pain. (ECF No. 24-4 ¶¶ 13, 15–16.) Before the Court is the defendant's motion for summary judgment. The defendant argues that the record does not establish that a dangerous condition caused the fall and that, in any event, the defendant had no notice of the danger. (ECF No. 26 at 5.) In the alternative, the defendant claims that Dr. Vadde was the sole proximate cause of her accident. (*Id.*) For the reasons that follow, the motion is denied.

## BACKGROUND

      On November 13, 2020, the plaintiffs drove to CVS located at 501 Forest Avenue, Staten Island, New York, to pick up a prescription. (ECF No. 27 ¶¶ 1, 5.) Dr. Vadde went inside, while her husband waited in the car. (*Id.* ¶ 7.) Although Dr. Vadde had been to this CVS many times over the years, this was her first visit after the onset of the pandemic, and she did not know that the store put social-distancing stickers on the floor. (ECF No. 24-5 at 21, 24; ECF No. 27 ¶ 10.)

As she walked past the cash registers, Dr. Vadde "felt something stick under her left foot." (ECF No. 27 ¶¶ 12, 15 (brackets omitted).) When she tried to lift her foot, she fell, and immediately felt severe pain in her hip. (*Id.* ¶ 15; *see also* ECF No. 24-5 at 29.)[1] She did not see spilled liquid or debris in the area, and her sari reached only to her ankles, so she concluded that she tripped over one of the social-distancing stickers, which was peeling off the floor. (ECF No. 24-5 at 41; ECF No. 27 ¶ 20.) The manager, Karen Weigold, brought a chair for Dr. Vadde, but the pain in her hip was so bad that she could not sit down. (ECF No. 24-5 at 34, 37; *see also* ECF No. 24-7 at 11 (Ms. Weigold confirming that Dr. Vadde "was in pain because it was hard to get her up").) An ambulance arrived soon after, and EMTs drove Dr. Vadde to a hospital, where a surgeon determined that she broke her hip. (ECF No. 24-5 at 38, 45; ECF No. 24-7 at 50.) The surgeon operated the next day. (ECF No. 24-5 at 45.)

On March 25, 2021, Dr. Vadde and her husband filed a complaint against CVS in New York Supreme Court, Richmond County, seeking to recover $5,000,000 for Dr. Vadde's pain, suffering, lost wages, medical expenses and modifications to her home to make it accessible, as well as for her husband's loss of consortium. (ECF Nos. 1-1, 1-3.) The defendant removed the case to the Eastern District of New York on September 17, 2021, invoking diversity jurisdiction. (ECF No. 1.)

At the deposition, Dr. Vadde testified that she "d[id]n't know" exactly why she fell but explained that she felt something "sticky on [her] left leg" right before and saw a "rolled up red sticker[] immediately . . . after." (ECF No. 24-5 at 32, 36–37.) Ms. Weigold confirmed at her deposition that she saw a curled up social-distancing sticker "within a couple of feet" of where

---

[1] The parties dispute how many times Dr. Vadde walked through the front cash-register area before she fell, but they stipulate that she "did not notice any social distancing stickers on the floor" before the fall. (ECF No. 27 ¶¶ 6–10.)

2

Dr. Vadde fell.  (ECF No. 24-7 at 55.)  She also took a photograph of the sticker "a day or two" after the accident, which shows that the sticker's edges were turned up.  (*Id.* at 32–34; ECF No. 24-8 at 4.)

Ms. Weigold explained that the social-distancing stickers were placed on the carpeted floor in April or May of 2020—about six months before Dr. Vadde fell.  (ECF No. 24-7 at 20–21.)  The stickers measured six by eighteen inches, and their edges curled up from time to time.  (*Id.* at 15, 24.)  As far as Ms. Weigold recalled, CVS did not have a policy to inspect the stickers "at all."  (*Id.* at 21, 37.)  Occasionally, if she "was walking by" and saw a sticker curl up, she would "cut it real quick," but she did not know if other employees did the same thing.  (*Id.* at 24–25.)  Ms. Weigold testified that other employees swept and vacuumed the floor "if it was really dirty" but gave no other details about cleaning or inspection practices.  (*Id.* at 35–36.)  The parties submitted photographs, which show that the sticker that allegedly caused Dr. Vadde's fall had been trimmed on each side.  (ECF No. 24-8 at 4.)

## STANDARD OF REVIEW

The standard for granting summary judgment is well established.  Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also* Fed. R. Civ. P. 56(a), (c).  Material facts are those "that might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The district court's task at this stage is "limited to discerning whether there are genuine issues of material fact to be tried, not to deciding them."  *Gallo v. Prudential Residential Servs. Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

The moving party bears the initial burden of "informing the district court of the basis for its motion" and identifying the evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. If the moving party meets its burden, the burden shifts to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(c). The nonmoving party must point to evidence in the record and "may not rely simply on conclusory statements or on contentions that the affidavits supporting the motion are not credible." *Ying Jing Gan v. City of New York*, 996 F.2d 522, 532 (2d Cir. 1993) (citations omitted).

## DISCUSSION

In New York, the elements of a negligence claim are: (1) defendant's cognizable duty of care; (2) defendant's breach of that duty and (3) plaintiff's injury, substantially caused by that breach. *Lombard v. Booz-Allen & Hamilton, Inc.*, 280 F.3d 209, 215 (2d Cir. 2002). In the context of a trip-and-fall case like this one, the plaintiffs must show that the defendant either created the condition that caused the accident, or that it had actual or constructive notice of the condition. *Feder v. Target Stores*, 15 F. Supp. 3d 253, 256 (E.D.N.Y. 2014).

While these substantive requirements are based on state law, the allocation of the burden of proof at the summary judgment stage is a federal question, governed by the Federal Rules of Civil Procedure. *E.g.*, *Vasquez v. United States*, No. 14-CV-1510, 2016 WL 315879, at *4 (S.D.N.Y. Jan. 15, 2016) (collecting cases). Under Rule 56, a defendant "may discharge its burden of proof merely by pointing to an absence of evidence to support an essential element of [the plaintiff's] claim." *Id.* at *5 (cleaned up) (discussing *Celotex*, 477 U.S. at 325). According to the defendant, the record does not establish that a dangerous condition caused Dr. Vadde's injuries or that the defendant was aware that placing social-distancing stickers on a carpeted floor

4

created a dangerous condition. Alternatively, the defendant argues that video footage of the accident shows that Dr. Vadde's conduct was the sole proximate cause of her injuries.

I.  **Existence of a Dangerous Condition and But-For Causation**

In claiming that the plaintiffs cannot "identify the alleged dangerous/defective condition that supposedly caused the accident" (ECF No. 26 at 7), the defendant appears to make two arguments: first, that Dr. Vadde literally cannot identify what caused her fall because she said at one point in her deposition that she did not know why she fell, and second, that even if the sticker was to blame, the defect was much too trivial to be considered dangerous, and the defendant cannot be held liable as a matter of law.

The cases on which the defendant relies to support the first argument—*Manavazian v. Pietromonaco*, 188 A.D.3d 866 (2d Dep't 2020), *Phillips v. LSS Leasing Ltd. Liab. Co.*, 176 A.D.3d 750 (2d Dep't 2019), *Rivera v. 916 Peekskill Main Realty, Inc.*, 147 A.D.3d 802 (2d Dep't 2017), and *Bryant v. Loft Bookstore Café, LLC*, 138 A.D.3d 664 (2d Dep't 2016)—are readily distinguishable. In those cases, the plaintiffs could not identify any "defect" whatsoever "either before or after" their falls. *Phillips*, 176 A.D.3d at 751; *see also Manavazian*, 188 A.D.3d at 867 (plaintiff "did not know what had caused her to fall"); *Rivera*, 147 A.D.3d at 803 ("it would be speculative to assume that the front entrance carpet, which the plaintiff confirmed was laying flat on the interior floor before she stepped on it, caused her to fall"); *Bryant*, 138 A.D.3d at 665 ("plaintiff merely speculated that 'tree roots or something' underneath the carpet had caused her to fall" (cleaned up)).

This case is different. The parties agree that there was a curled-up sticker within a couple of feet of where Dr. Vadde fell. (*See* ECF No. 24-8 at 4 (photograph of the sticker showing the edges were turned up); ECF No. 24-7 at 55 (Ms. Weigold acknowledging that the sticker was

5

"within a couple of feet" of Dr. Vadde).) And Dr. Vadde testified at her deposition that she felt something "sticky on [her] left leg" right before she fell, and that she looked down after the fall, and saw "some floor stickers" that "looked rolled up." (ECF No. 24-5 at 36–37.)

It is true that Dr. Vadde did not notice the sticker before she fell, so in this sense she did not "know" with 100% certainty that she tripped on it. (*Id.* at 32.) But the defendant cites no law that requires the plaintiff to be 100% sure of the cause of an injury even at trial, let alone at the summary judgment stage. Indeed, in *Nolan v. Onondaga Cnty.*, the court declined to award summary judgment even though the plaintiff did "not specifically recall tripping over the ramp" and even "acknowledg[ed] that she might have fallen for a reason unrelated to the ramp." 61 A.D.3d 1431, 1432 (4th Dep't 2009). It was enough, the court explained, that the "plaintiff raised a triable issue of fact . . . by submitting evidence establishing that she fell in the immediate vicinity of the protruding ramp, thereby rendering any other potential cause of her fall sufficiently remote or technical to enable a jury to reach a verdict based not upon speculation, but upon the logical inferences to be drawn from the evidence." *Id.* (cleaned up). The plaintiffs in this case established much more than that. The parties agree that the sticker was the only thing near Dr. Vadde when she fell; there were no debris or spilled liquid in the area, and Dr. Vadde's sari was not long enough to cause her to trip. (ECF No. 27 ¶ 20; ECF No. 24-5 at 41.) The plaintiffs, therefore, offer more than "mere speculation." *Manavazian*, 188 A.D.3d at 867.

If the defendant were correct, landlords would be held liable in only the smallest sliver of trip-and-fall cases. The plaintiff would have had to see exactly what caused her to trip. But in that case, she would be deemed the sole proximate cause of her fall because she did not avoid a visible obstacle. *E.g.*, *Button v. Rainbow Prod. & Servs. Inc.*, 234 A.D.2d 664, 665 (3d Dep't 1996) ("plaintiff's election to jump a clearly visible puddle was the proximate cause of his

6

injuries"). This is why even the cases the defendant cites allow plaintiffs to establish liability "without direct evidence of causation by inference from the circumstances of the accident." *See Manavazian*, 188 A.D.3d at 867 (citation omitted).[2]

The defendant's second argument—that a curled sticker on the floor is too trivial to be dangerous—is similarly unavailing. "Whether a dangerous or defective condition exists on the property of another so as to create liability depends on the circumstances of each case and is generally a question of fact for the jury." *Delaney v. Town Sports Int'l*, 88 A.D.3d 635, 636 (2d Dep't 2011) (citations omitted). New York courts recognize a limited exception to this rule where as a matter of law, "a defendant may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway . . . as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection." *Hutchinson v. Sheridan Hill House Corp.*, 26 N.Y.3d 66, 78 (2015) (citation omitted). However, to fall under this exception, a defect must be "physically insignificant," and the defect's "intrinsic characteristics" as well as "the surrounding circumstances [must not] magnify the dangers it poses." *Id.* at 78–79. Courts are "obliged to consider all the facts and circumstances presented" before granting summary judgment on this ground. *Id.* at 84.

New York courts have not articulated a hard and fast rule as to what constitutes a "physically insignificant" defect, but the following are typical examples of cases in which courts have granted summary judgments for defendants: a cylindrical projection in the sidewalk measuring a quarter of an inch in height and five-eighths of an inch in diameter, *id.* at 79; a one-

---

[2] The defendant cites several cases in which courts granted summary judgment for defendants because "surveillance footage of the accident . . . showed no dangerous or defective condition." *DiStefano v. Ulta Salon*, 95 A.D.3d 932, 932–33 (2d Dep't 2012). Although the defendant submitted surveillance footage in this case, it does not show the floor or the sticker, or whether Dr. Vadde's shoe got stuck on the sticker before her fall. Accordingly, I cannot grant summary judgment based on the video.

7

half-inch elevation of a cement slab in a plaza, *Trincere v. Cnty. of Suffolk*, 90 N.Y.2d 976, 977 (1997); a metal strip on the edge of the stair that was raised upward less than a quarter of an inch, *Sulca v. Barry Hers Realty, Inc.*, 29 A.D.3d 779, 779–80 (2d Dep't 2006). On the flip side, courts have allowed allegations of the following defects to proceed to trial: a 3.25-inch-wide and 0.5-inch-deep divot in a step tread, *Hutchinson*, 26 N.Y.3d at 82; a "clump" on a stair, where the defendant did not provide "measurements of the alleged defect," *id.* at 82–83; "a lengthy edge in the pavement that was more than two thirds of an inch deep," *Lupa v. City of Oswego*, 117 A.D.3d 1418, 1419 (4th Dep't 2014); a depressed area in a sidewalk that was "three-quarters of an inch deep, more than seven inches long, and approximately four inches wide," *Tese-Milner v. 30 E. 85th St. Co.*, 60 A.D.3d 458, 458 (1st Dep't 2009).

     The record does not include the measurements of the curled-up edge of the sticker, and the dimensions are difficult to judge from the photographs. However, Ms. Weigold testified that the sticker originally measured six by eighteen inches; based on that estimate, the curled-up edge appears to be around one or two inches wide and two to three inches long. (ECF No. 24-8 at 4.) Moreover, the curled-up edge appears gray and difficult to distinguish from the surrounding gray carpet. *See, e.g.*, *Sampson v. Sarah Lawrence Coll.*, No. 18-CV-7518, 2021 WL 3855862, at *8 (S.D.N.Y. Aug. 26, 2021) (an "uplifted stone" not trivial where it "may have been difficult to detect"). Finally, viewing the evidence in the light most favorable to the plaintiffs, the edge was sticky enough so that Dr. Vadde fell and fractured her hip. Taking into account "all the specific facts and circumstances of the case," *Hutchinson*, 26 N.Y.3d at 78, I cannot say that the defect in this case is trivial as a matter of law. Rather, a reasonable jury might conclude that placing a sticker on a carpeted floor created a dangerous condition.[3]

---

[3] The plaintiffs submit an expert report, which provides additional reasons why the social-distancing sticker should be considered a dangerous condition. (ECF No. 28-1.) The defendant contends that the

## II.  The Defendant's Awareness of the Dangerous Condition

In a trip-and-fall case, a plaintiff must demonstrate that the defendant created the condition that caused the accident, or that the defendant had actual or constructive notice of the condition. *Bykofsky v. Waldbaum's Supermarkets*, 210 A.D.2d 280, 281 (2d Dep't 1994), *cited in Feis v. United States*, 484 F. App'x 625, 628 (2d Cir. 2012). Though a plaintiff cannot avoid summary judgment on this issue through mere speculation and conjecture, circumstantial evidence may sufficiently support "an inference of causation or negligence." *See Olsen v. K Mart Corp.*, No. 04-CV-3648, 2005 WL 2989546, at *5 (E.D.N.Y. Nov. 8, 2005). The defendant argues that the plaintiffs cannot meet this standard, because they have "proffered not a scintilla of evidence demonstrating when or for how long the alleged dangerous condition (a social distancing sticker with curled up edges) existed prior to her fall." (ECF No. 26 at 10.) The defendant also faults the plaintiffs for providing "no evidence as to the last time that the subject area was cleaned or inspected relative to the time of plaintiff's accident." (ECF No. 29 at 5 (cleaned up).)

As an initial matter, the defendant appears to argue only that it did not have constructive notice of the dangerous condition; it says nothing about either creation of the dangerous

---

report is untimely, because it was submitted after the close of discovery. (ECF No. 29 at 6.) I do not reach this question because the plaintiffs submit sufficient evidence to withstand summary judgment even without reference to the expert report.

The defendant also argues that its assertions in the Rule 56.1 statement must be "deemed admitted" over the plaintiffs' objections, because the plaintiffs' responses do not cite to admissible evidence as required in my individual rules. (*Id.* at 3 (capitalization altered).) Neither Rule 56.1 nor my individual rules "relieve the party seeking summary judgment of the burden of establishing that it is entitled to judgment as a matter of law." *Ramos v. Sears/Kmart*, No. 08-CV-4969, 2010 WL 3911487, at *3 (S.D.N.Y. Sept. 13, 2010) (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73–74 (2d Cir. 2001)). "Summary judgment may only be granted where the Court is satisfied that the undisputed facts, *as supported by the record*, show that the movant is entitled to a judgment as a matter of law." *Id.* (emphasis added) (cleaned up). Accordingly, I deem facts admitted "only to the extent [they] are supported by the underling record." *Id.*

9

condition or actual notice. However, if the plaintiffs present evidence that the defendant created the dangerous condition, they "need not establish that defendant had either actual or constructive notice of such condition in order to recover." *Feder*, 15 F. Supp. 3d at 256 (quoting *Ohlsson v. JBC Bowl Corp.*, 99-CV-890, 2001 WL 1117162, *4 (W.D.N.Y. Sept. 14, 2001)). In this case, the parties agree that the defendant placed the social-distancing stickers on the carpeted floor, so the only remaining question is whether doing so created a dangerous condition. As discussed above, a genuine issue of material fact exists on that issue and summary judgment is not appropriate. *See id.* (to survive summary judgment, a plaintiff need only demonstrate "some affirmative act on the part of the defendant" that "created the condition that caused the accident" (cleaned up)).

Moreover, the photographs that the parties attach to their memoranda show that someone—presumably a CVS employee—had trimmed the sticker's edges before Dr. Vadde allegedly tripped over it. (ECF No. 24-8 at 4.). The edges of other stickers likewise have been cut off. (*Id.* at 2.) And Ms. Weigold testified at her deposition that she had trimmed the stickers. (ECF No. 24-7 at 24–25.) For summary judgment purposes, this evidence sufficiently demonstrates that at the very least, the defendant had constructive notice of the defect, if not actual notice. *See Sampson*, 2021 WL 3855862, at *10 ("A plaintiff may raise an issue of fact regarding actual notice by offering evidence that the defendant knew that the particular complained-of condition was recurrent or unsuccessfully undertook to fix it prior to the accident."); *Sampaiolopes v. Lopes*, 172 A.D.3d 1128, 1129 (2d Dep't 2019) (plaintiff raised an issue of fact about actual notice where defendant admitted that "water frequently dripped from a leaky gutter and created an icy condition on the steps" where plaintiff fell); *Garcia v. U-Haul Co.*, 303 A.D.2d 453, 454 (2d Dep't 2003) ("A defendant who has actual knowledge of a

recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition." (citations omitted)).  A genuine issue of material fact therefore remains as to whether the defendant created the alleged hazardous condition or had actual or constructive notice of its existence for a length of time sufficient to discover and remedy it.

### III.     Open and Obvious Defect and Proximate Cause

Finally, the defendant argues that Dr. Vadde could have avoided the sticker if she were paying attention, but she was not, because she was "turning or moving backwards at the time of her fall." (ECF No. 26 at 12.)  The defendant appears to raise two related but distinct doctrines—open and obvious defect and proximate cause—but neither permits a judgment in the defendant's favor at this stage of the litigation.

"New York courts have recognized that the fact that an allegedly hazardous, defective, or dangerous condition may be open and obvious does not in and of itself bar liability." *Bachir v. Costco Wholesale Corp.*, No. 19-CV-2834, 2021 WL 4463290, at *3 (E.D.N.Y. Sept. 29, 2021) (quoting *Niles v. 1109-1113 Manhattan Ave. Partners, LL*C, No. 13-CV-5427, 2015 WL 6674833, at *2 (E.D.N.Y. Oct. 30, 2015)).  Rather, a court "can only grant summary judgment if it finds that the condition complained of was both open and obvious *and*, as a matter of law not inherently dangerous." *Id.* (cleaned up).  That is so because "a determination that the condition was open and obvious is relevant to the issue of the plaintiff's comparative negligence; it does not preclude a finding of liability against a landowner." *Id.* (cleaned up).  As explained in Part I, genuine issues of material fact remain as to whether the sticker was a dangerous condition, including because the gray edges of the sticker might have been difficult to see against the gray carpet.  Accordingly, "[e]ven if the jury credits [the defendant's] theory at trial and finds that [Dr. Vadde] did have the opportunity to avoid the [sticker], such a finding does not preclude the

11

jury from also finding that [the defendant] failed to maintain the property in a reasonably safe manner." *Id.* at *4.

As for proximate cause, the defendant argues that the video footage "irrefutabl[y]" shows that Dr. Vadde was turning or walking backwards when she fell. (ECF No. 26 at 13.) But the relevant portion of the video lasts less than a second, Dr. Vadde appears at the very edge of the screen and the video quality is rather poor. This is not a case where "the surveillance video . . . blatantly contradicts numerous aspects of plaintiff's account." *Cousin v. White Castle Sys., Inc.*, No. 06-CV-6335, 2009 WL 1955555, at *5 (E.D.N.Y. July 6, 2009). Nor does the defendant identify any case in which a court concluded that a plaintiff who takes a step backwards is precluded from recovery as a matter of law. *See Bachir*, 2021 WL 4463290, at *4 (denying summary judgment on proximate-cause theory where the plaintiff walked backwards onto a snow pile).

## CONCLUSION

For these reasons, the defendant's motion for summary judgment is denied.

**SO ORDERED.**

                                                               s/Ann M. Donnelly
                                                               ANN M. DONNELLY
                                                               United States District Judge

Dated: Brooklyn, New York
       July 7, 2023